845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Natty BUMPPO, Plaintiff-Appellant,
v.
KENTUCKY BOARD OF ELECTIONS; Drexell Davis, Kentucky
Secretary of State, as Chairman Thereof; Edmonson County
Board of Elections; and Richard A. Sanders, Edmonson County
Court Clerk, as Chairman Therefor, Defendants-Appellees.
 No. 87-5416.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1988.
 
 Before ENGEL and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs, the Bumppos, appeal from the judgment of the United States District Court for the Western District of Kentucky dismissing their suit against state and county officials challenging certain aspects of the voting process in Kentucky and in Edmonson County.
 
 
 2
 In their complaint filed pursuant to 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 1343, the Bumppos allege that: (1) the officials' enforcement of certain Kentucky statutes which prohibit write-in voting for President and Vice-President of the United States deprives them of their constitutional rights; (2) the county officials neglect to count write-in votes, even when allowed by Kentucky statute; (3) the officials' enforcement of a Kentucky statute prohibiting voting in primary elections by qualified voters not members of the primary's political party deprives them of rights secured to them by the Constitution; (4) the officials' enforcement of a Kentucky statute and provision in the Kentucky Constitution which prohibits voting by persons under the age of eighteen deprives plaintiffs of their constitutional rights. The Bumppos sought a declaratory judgment, injunctive relief, and costs (including attorneys fees). In an order addressing the merits of three of their four claims, the district court judge dismissed the Bumppos' action for failure to state a cognizable claim.
 
 
 3
 In their appellate brief, the Bumppos renew their four claims and also allege that the district court's judgment was premature, since at least one material fact remained regarding whether the county officials neglected to count allowable write-in votes. During oral argument before a panel of the Sixth Circuit, however, appellants conceded that the issue concerning the alleged failure of county officials to count write-in votes, even when allowed by Kentucky law, had become moot since the filing of briefs and was thus no longer at issue.
 
 
 4
 Upon consideration of appellants' remaining arguments, this court is of the unanimous opinion that the Bumppos' case was properly decided by the district court in accordance with well-established law. See Rosario v. Rockefeller, 410 U.S. 752 (1973) (constitutional rights not violated by restrictions placed on ability to vote in general primaries); Gaunt v. Brown, 341 F.Supp. 1187 (S.D.Ohio), aff'd., 409 U.S. 809 (1972) (constitutional rights not violated by denying persons under age of 18 the right to vote); McPherson v. Blacker, 146 U.S. 1, 27, 35 (1892) (under Constitution, mode of appointment of electors belongs to states with only limited exceptions). This court further concludes that since the issues presented by the Bumppos were not honestly debatable under existing law, their appeal was frivolous.
 
 
 5
 Accordingly, this court being unanimously of the opinion that no jurisprudential purpose would be served by filing a written opinion, and being of the further opinion that the issues raised are frivolous,
 
 
 6
 IT IS ORDERED pursuant to Rule 19, Rules of the Sixth Circuit, that the judgment of the district court is AFFIRMED. Court costs and reasonable attorneys fees in connection with this appeal will be assessed against appellants and in favor of the appellees.